LUTHER BEECHER v. CHARLES A. BARTLETT.

*Covenants in a lease do not bind strangers to them.*

A hotel lease covenanted that new furniture added by the lessees should be included in the inventory to be made up when the lease expired, and accounted for accordingly, and that the lessor should have the right to take possession of it. *Held* that this covenant could not cover furniture belonging to a third person but allowed by the lessee to be placed on the premises.

Error to Superior Court of Detroit. Submitted October 22. Decided October 28.

REPLEVIN. Defendant brings error.

*Henry M. Cheever* and *Joseph P. Whittemore* for plaintiff in error, drew analogies between this lease and real covenants.

*Moore & Moore* for defendants in error.

CAMPBELL, C. J.   Bartlett had four billiard tables belonging to one Foster until paid for, but which Bartlett had a right to keep and use under a contract of sale, to belong to him fully when paid for.   These tables were in use in a billiard room in the Biddle House, Detroit, and when taken there by Bartlett it was by arrangement with Gay & Van Norman who were then lessees of the premises.   At the time when Bartlett was put in possession of the billiard room this lease was to run for over four years longer; but by a new arrangement made during the same year, the lease was terminated and the premises agreed to be surrendered.

By the original lease it was agreed that all additions to the furniture and equipments made by the lessees should be added to and become a part of the furniture and equipments of the house and added to the inventory and at the end of the contract the surplus either way was to be allowed to the proper party.

Beecher had the right at any time to resume possession of the billiard rooms and use them for other purposes.   The tables which were in these rooms at the date of the lease had been taken out and turned over to him, and the lessees proposed to put in more modern and better ones than the old ones.

By the surrender arrangement the inventory was to be balanced as before arranged, and any disputed property was to remain until the dispute was settled.

Bartlett knew nothing of any of these terms, and Beecher knew nothing of the arrangements made with him.   Beecher undertook to hold these tables as belonging to him under the arrangement.   Bartlett had paid for the tables and replevied them.   Judgment passed for him below, and Beecher brings error.

The case is too plain for discussion. Whatever agreements or covenants the lessees may have made on their own behalf, they could pass no title and create no lien on the property of third persons. The learning concerning real covenants is foreign to the controversy.

The judgment must be affirmed with costs.

The other Justices concurred.